861 F.2d 721
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Russell ROYSDEN, Petitioner,
v.
MCCALL ENTERPRISES, INC., Director, Office of Workers'
Compensation Programs, and United States
Department of Labor, Respondents.
 No. 87-4008.
 United States Court of Appeals, Sixth Circuit.
 Oct. 28, 1988.
 
 Before ENGEL, Chief Judge, BOGGS, Circuit Judge, and ROBERT McRAE,* District Judge.
 PER CURIAM.
 
 
 1
 Petitioner Russell Roysden appeals a Benefits Review Board decision denying him benefits for pneumoconiosis under the Black Lung Benefits Act, 30 U.S.C. ? 901 et seq.
 
 
 2
 Petitioner Russell Roysden was born on October 19, 1924, has a fifth grade education and began working in coal mines in 1940, at the age of sixteen. He started smoking at fifteen and at times during his life, he was a heavy smoker, smoking up to three packs of cigarettes per day for up to fifteen years. Aside from three years of military service between 1943 and 1946, Roysden worked in or around coal mines for up to twenty-six years until June 1979. The majority of this work involved loading coal underground, a strenuous task performed under dusty conditions, but Roysden also did some coal hauling.
 
 
 3
 Roysden was last employed in the coal industry by McCall Enterprises between 1974 and 1979, when he was a bulldozer and highlift operator at a strip mine. As a highlift operator, he sat in a cab and worked controls and a steering wheel with his arms and legs. Since he last worked as a miner, Roysden has had only one job, as a highlift operator for two months during the construction of a road.
 
 
 4
 During his final years as a miner, Roysden experienced numerous health problems. In 1976, he suffered a stroke from which he still has residual problems, and in 1978, he suffered a heart attack. Moreover, while working for McCall Enterprises, Roysden experienced difficulty breathing, especially at nighttime when he had to prop himself on pillows in order to sleep. These respiratory problems have become more severe since he left the mines. In 1984, he suffered another stroke.
 
 
 5
 Roysden applied for Black Lung Benefits on February 15, 1980 and the Department of Labor made an initial finding of entitlement on February 14, 1981 which was controverted by McCall's insurance company, Morrison Assurance. The Department of Labor held an informal conference with Roysden, McCall, and Morrison Assurance on September 17, 1981. Based upon two pulmonary function tests yielding results of FEV1 = 1.97; MVV = 54, and FEV1 = 1.92; MVV = 42, a presumption of total disability was invoked pursuant to 20 C.F.R. Secs. 410.490, 718.203, and 727.204; the Department held that such presumptions were not rebutted. On January 15, 1982 a memorandum of the conference was issued, recommending conferral of benefits. On January 26, 1982, Morrison Assurance requested a formal hearing on the matter. A hearing before Administrative Law Judge Glenn Robert Lawrence was held on June 4, 1985. By Decision and Order dated February 6, 1986, the ALJ denied benefits. Although holding that an interim presumption of total disability due to pneumoconiosis was invoked pursuant to 20 C.F.R. Sec. 727.203(a)(2), the ALJ held that this presumption was rebutted under 20 C.F.R. Sec. 727.203(b)(2), (b)(3), and (b)(4), which provide
 
 
 6
 (b) Rebuttal of interim presumption. In adjudicating a claim under this subpart, all relevant medical evidence shall be considered. The presumption in paragraph (a) of this section shall be rebutted if: ...
 
 
 7
 (2) In light of all relevant evidence it is established that the individual is able to do his usual coal mine work or comparable and gainful work (see ? 410.412(a)(1) of this title); or
 
 
 8
 (3) The evidence establishes that the total disability or death of the miner did not arise in whole or in part out of coal mine employment; or
 
 
 9
 (4) The evidence establishes that the miner does not, or did not, have pneumoconiosis.
 
 
 10
 Citing evidence that Roysden had been employed as a highlift operator with McCall, numerous negative X-rays, and two medical opinions that Roysden's pulmonary problems were caused by a history of smoking rather than pneumoconiosis, the ALJ found rebuttal and denied benefits. On appeal, the Benefits Review Board on September 16, 1987 upheld the ALJ's finding of 727.204(b)(3) rebuttal as based upon substantial evidence. The Board did not address the ALJ's finding of rebuttal pursuant to ?? 727.204(b)(2) and (b)(4).
 
 
 11
 While the issues in this appeal are not without difficulty, particularly given the presumptions which attend the existence of pulmonary problems following lengthy service in the underground coal mines, we are of the opinion that substantial evidence supports the ultimate conclusion of the Benefits Review Board, upholding the ALJ's conclusion that any presumption of pneumoconiosis as a cause of Mr. Roysden's ailments was rebutted by the proof in this case. Despite Mr. Roysden's long history of heavy cigarette consumption, his counsel strenuously urges that other evidence of record shows the existence of pneumoconiosis or of such pulmonary conditions that give rise to the inference thereof; further, counsel argues that there has been failure to establish that such condition did not contribute at least in part to Mr. Roysden's disability. In concluding that the presumption had been overcome, the Benefits Review Board and the ALJ relied primarily upon the petitioner's exceptionally long history of heavy smoking, upon the opinion of two physicians who concluded that his disability was not caused by pneumoconiosis, and upon negative x-rays. While the ALJ could not rely solely upon the negative x-rays, even though it is claimed there were fourteen of them, it was proper for him to consider this evidence in light of other evidence in the entire medical record, including the opinions of the doctors whom he apparently credited, as support for the finding that the presumption had been rebutted. Under such circumstances, we cannot disturb the conclusion of the Benefits Review Board to deny benefits in this case.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The Honorable Robert McRae, Jr., Senior Judge of the United States District Court for the Western District of Tennessee, sitting by designation